IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 22-71-RGA-2 |
| | ) | |
| JEFFREY CARBAJAL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

This case is set for trial on May 14, 2024. (D.I. 65).

The indictment has four counts, but Defendant Carbajal is charged only in the drug conspiracy count. (D.I. 2). Only his coconspirator is charged with the three distribution counts.

There are two pending motions. (D.I. 60, D.I. 61). The Government has responded to them. (D.I. 69).

The first motion, captioned "Motion to Dismiss Pursuant to Federal Rule of Criminal Procedure 18," is based on the assertion, "The Indictment does not provide a factual basis to support venue in the District of Delaware." (D.I. 60 at 3). Defendant concedes that the indictment alleges that the conduct occurred in "the District of Delaware and elsewhere." (*Id.* at 5).

I think Defendant's venue argument is foreclosed by Third Circuit precedent. In an analogous case, the Court of Appeals held:

> [W]e conclude that the Eastern District of Pennsylvania was a proper venue for [Defendant]'s case. Although [Defendant] himself did not act in the Eastern District of Pennsylvania or direct any of his actions there, his co-conspirators sent methamphetamine to [an undercover officer] there and directed phone calls to him there.

> These activities constitute overt acts in furtherance of the conspiracy that are certainly sufficient to establish venue under [18 U.S.C.] § 3237(a).

*United States v. Renteria*, 903 F.3d 326, 331–32 (3d Cir. 2018) (footnotes omitted).

The Government proffers that Defendant and his California-based coconspirator three times sent quantities of methamphetamine by a delivery service to an address in Newark, Delaware. Assuming that the Government can prove what it proffers, a jury could likewise find that the District of Delaware is a proper venue for the charged conspiracy. Thus, the motion to dismiss (D.I. 60) is **DENIED**.

The second motion, captioned "Motion to Compel Disclosure of Witness Identity," is for the disclosure of the identities of the two individuals that videotaped and audiotaped their interactions with Defendant and his co-conspirator. Those interactions are proffered to have led to the three distributions of methamphetamine that are charged against the co-conspirator in the other three counts of the indictment. The Government has produced the videotapes and audiotapes. (D.I. 61 at 2). What the Government has not produced in relation to the two individuals is their actual identities, criminal records, consideration for their undercover cooperation, etc.

Defendant's motion seems to assume that the two individuals will testify at trial. Defendant asserts that their credibility will be at issue.

The Government addresses both what appears on the face of the motion and an alternative scenario that is not asserted in the motion.

For what is asserted in the motion itself, the Government responds that it will disclose the individuals' identities and "all the relevant *Giglio* material two weeks prior to the Defendant's

trial date."[1] (D.I. 69 at 11). I think this is likely sufficient. Certainly, Defendant is not precluded from taking other action if it turns out the production is overwhelmingly voluminous or appears to be insufficient.

The Government also responds to an argument that Defendant did not make, that is, that the Government might not call the witnesses, and should not have to make any disclosure pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957). Defendant has not briefed this, and I do not intend to rule on hypothetical arguments. That being said, the Government's caginess on its plans seems to hold out the potential for last minute arguments that are better avoided. Thus, I **ORDER** the Government to disclose to Defendant by **no later than April 3, 2024**, whether it intends to call one or both of the individuals.

The motion to compel disclosure (D.I. 61) is, as presented, **DENIED**.

IT IS SO ORDERED this 2nd day of April 2024.

*[signature]*
United States District Judge

---

[1] "Two weeks prior" would be April 30, 2024. I assume that all *Giglio* material is relevant.